**KOPELOVE IRON & METAL COMPANY, and TRAVELERS FIRE INSURANCE CO., Plaintiffs-Appellants, v. LAWSON, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2324. Decided April 5, 1955.

David H. Bailie, Dayton, for plaintiffs-appellants.
Altick & McDaniel, Dayton, By Francis S. McDaniel, of Counsel, for defendant-appellee.

## OPINION

By HORNBECK, J:

This is an appeal on questions of law from a judgment in favor of defendant-appellee, Lawson, entered on a verdict of a jury in his behalf. The facts are that plaintiff, Kopelove Iron & Metal Company (which we hereinafter call Kopelove), was operating its tractor-trailer in a northerly direction on Route 49 in Montgomery County, Ohio. A driver of defendant, Commercial Motor Freight Company (hereinafter referred to as Commercial), at or about the same time, was driving a tractor and trailer east on Route 40 approaching the intersection of that route with Route 49; defendant Lawson, at or about the same time, was driving his Chevrolet south on Route 49 approaching the intersection. The tractor-trailer of plaintiff, Kopelove, had practically come to a stop at a distance of at least 15 feet from the intersection to the south on Route 49, when the truck of Commercial moved into the intersection, veered to its right, crossed Route 49 and struck the truck of plaintiff company, causing substantial damage. Plaintiff insurance company was the insurer of plaintiff Kopelove by a hundred dollar deductible policy, and paid to that company the loss covered by the policy. Kopelove and the insurance company, as subrogee, were the parties plaintiff. The cause went to trial against defendant Lawson, only, the other defendant having been theretofore dismissed as a party defendant.

It was the claim of the plaintiffs that the collision between Commercial and Kopelove was caused by the negligence of defendant Lawson, in moving into the intersection against a red light, thus causing the Commercial Motor Freight Company truck to veer from its line of travel to avoid a collision with defendant Lawson, and in so doing, collided with the Kopelove truck.

Plaintiffs charged defendant Lawson with three acts of negligence: One, failing to stop for a red light at the intersection of Routes 40 and 49; two, failing to maintain a lookout to the west on Route 40, failure to look and to see the approaching tractor-trailer of Commercial and failing to stop and divert the course of his car; three, traveling at a speed of 60 miles per hour.

Defendant answering, denied any negligence on his part and averred that the driver of the truck of Commercial failed to stop for a red light at the intersection.

There was direct conflict on the issue as to the failure of defendant to stop at the intersection when the red light was against him. Kopelove's driver testified that the red light was against Lawson. In this he was supported by the driver of Commercial truck and a disinterested witness. Defendant testified that he had the green light and in this he was corroborated by a passenger riding with him in his automobile. It was admitted that defendant had stopped in the intersection at about the middle thereof. There was difference in testimony as to the exact

location of defendant's car in the intersection when it stopped, whether it extended over and beyond the center line and into the east bound lane of Route 40. It was the contention of plaintiff, and the testimony of the driver of Commercial truck, that defendant's car was so far into the lane of travel of Commercial truck that its driver did not have room on the highway, Route 40, to pass. Defendant contended and testified that there was fully one-half of the highway open to Commercial's driver, and that he did pass in front of defendant's car before he veered from his path and collided with plaintiff Kopelove's truck.

Appellant assigns six errors. One, in the general charge; two, the refusal to give plaintiff's Special Charge No. 4 before argument; three, refusal to give plaintiff's Special Charge No. 5 before argument; four, the verdict of the jury is against the manifest weight of the evidence; five, improper admission of testimony on behalf of defendant; six, improper comment by the court on admission of testimony.

Upon the first assignment of error it is urged that the court injected an issue into the case which was not raised by the pleadings and evidence, namely, the negligence of the driver of Commercial's truck. An examination of the answer discloses a rather unusual form of pleading. It merely avers that the vehicle driven by the driver of Commercial failed to stop for a red light at said intersection It does not charge that this act of negligence was the sole cause of the collision or, indeed, that it was a contributing cause although it denies any negligence of defendant. However, no objection was interposed by plaintiffs to the form of the pleading. Clearly there was injected into the case, by the pleadings and the evidence, the question whether or not the driver of Commercial's truck drove into the intersection against a red light. When the trial judge was required to charge the jury, in the light of this answer, he was met with the holding in Montanari v. Hayworth, 108 Oh St 8, and many other cases, to the effect that an allegation like that asserted here, does not place the burden of proof as to such allegation upon the defendant. The court would have been justified had he given no charge whatever respecting the care enjoined upon the driver of the Commercial truck. However, we cannot say that in view of the averment of the answer respecting the failure of Commercial truck driver to observe the red light that it was prejudicial to comment to the extent to which the court discussed the subject in the general charge.

The charge could have been more specific and possibly more helpful to the jury had it definitely instructed the jury that the determinative question was whether or not negligence against defendant was proven in any of the particulars charged, and if so, was such negligence a a proximate cause of the collision. If the defendant was negligent in any particular asserted, proximately causing the collision then without respect to negligence, if any, of the driver of Commercial's truck, the plaintiff was entitled to a verdict. The doctrine of intervening cause could well have been carried into the general charge, but the failure to do so was not an error of commission as counsel for plaintiff did not suggest any such instruction.

Objection is made to the charge respecting an emergency with which

the driver of Commercial's truck was confronted. This charge could not have been prejudicial to the plaintiff.

The second assignment relates to plaintiff's Special Charge No. 4:

"I charge you that the plaintiff is not negligent and is entitled to recover against the defendant if you find that the defendant was guilty of negligence which directly contributed in even the slightest degree to proximately cause the accident and plaintiff's damage."

The plaintiff, Kopelove, was entitled to the instruction that it was not negligent. The infirmity in the charge is that it does not restrict the finding of the jury to any one or more of the specifications of negligence asserted in the petition.

The third assignment relates to plaintiff's Special Charge No. 5:

"I charge you that it is not necessary for the automobile of Lawrence L. Lawson to have contacted the tractor of Kopelove Iron & Metal Company or the tractor of Commercial Motor Freight Company of Indiana, Inc., for the plaintiff to be entitled to recover from the defendant, Lawrence L. Lawson."

This charge in the form in which it was tendered may have been misleading in that it does not include the obligation on the plaintiff to prove the defendant negligent in one or more particulars as charged, and that such negligence was the proximate cause of the collision. These findings were essential and if found, then the language of the charge could properly have supplemented them.

Testing the verdict and judgment as being against the weight of the evidence and according to the jury the prerogative of weighing and evaluating the testimony, we cannot hold that this assignment is well made.

We find no merit in the fifth and sixth assignments of error. No objection was interposed to the observation of the court to which exception is now noted.

Although we have passed upon all errors assigned, and are not required to consider others, we may do so under the statute, §2505.21 R. C. Because this case presents a close question on the facts, it is manifest that any error in the charge affecting the respective rights of the parties might cause the jury to reach a verdict which otherwise it would not have returned. We therefore feel that we should express our opinion as to certain parts of the general charge which in our judgment were prejudicial to the appellants.

The trial judge charged the jury that the obligation of due care devolved upon both the plaintiff, Kopelove, and the defendant alike, and that the jury could find whether the driver of plaintiff, Kopelove's truck or the defendant were at the time and place in the exercise of ordinary care. As we have heretofore stated, it is obvious from the record that plaintiff Kopelove's driver was not negligent, and the jury should not have been given the privilege of determining that he was. At no time was he nearer to the intersection of Routes 49 and 40 than 15 feet. He was on his own proper side of the road. There is no view of the testimony which would permit an inference of any negligence on his part.

At the bottom of page 159 of the record, in the general charge, the trial judge inadvertently no doubt must have used the name of the plain-

tiff, Kopelove, when intending to mean the Commercial, because he speaks of their lawful use of the highway, the obligation of each to keep a proper lookout, to have checked or stopped their automobiles if they observed the approach of the other vehicle in time to do so, and to regulate speed, control the operation of their vehicles, sound an alarm, etc. In this connection it might be advisable to say nothing about the obligation of sounding an alarm, because it is not asserted as a specification of negligence.

The trial judge very properly and completely charged the specifications of negligence, and that if plaintiffs proved any one or more by a preponderance of the evidence, as a proximate cause of Kopelove's damage, they could recover. However, and again, no doubt inadvertently, at the bottom of page 168 of the record in the charge the court said to the jury:

"The burden of proof is upon the plaintiffs, Kopelove Iron & Metal Company, and Travelers Insurance Company of Hartford, Connecticut, in order for them to recover; they must make out each and every element of negligence charged against defendant, Lawrence L. Lawson, in their amended petition by a preponderance of the evidence "

Manifestly this is at variance with that part of the charge on the subject which was properly given to the jury, and puts a burden on plaintiffs which it was impossible for them to meet under the evidence.

Inasmuch as this case may be tried again we direct attention to the charge of the court, which could not have been prejudicial to the plaintiffs but which might, if there were a verdict for the plaintiffs, be prejudicial to the defendant. We refer to the specification of negligence that the defendant was driving his automobile at a rate of speed of 60 miles per hour. The court charged fully upon §6307-21 GC, respecting a rate of speed that is greater or less than is reasonable or proper. But as we read the record there is no proof whatever of any specific rate of speed at which the defendant was approaching and entered the intersection. Neither the pleadings nor the evidence support a charge under the statute.

For the reasons hereinbefore indicated we find that error intervened, to the prejudice of appellants, in the trial of this cause. The judgment will be reversed and cause remanded for a new trial.

We are cognizant of the difficulties with which the trial judge was confronted in charging the jury upon the factual developments in this case. It is evident that the plaintiffs were proceeding upon the theory that while the negligence of the defendant did not immediately cause the collision, because his car never came in contact with plaintiff Kopelove's truck, his negligence was a contributing cause of the movement of Commercial wherein it veered from Route 40 and across Route 49, striking and colliding with plaintiff Kopelove's truck. Counsel for appellants, having knowledge of the facts which would be developed in the evidence, could have been helpful to the trial judge by preparing one or more proper special charges presenting their theory as to proximate cause to be given to the jury before argument.

It is unfortunate that this case must be tried for the third time,

but we cannot read the general charge without the conviction that it may have denied to the plaintiffs a proper presentation of the law controlling the deliberations of the jury.

MILLER, PJ, WISEMAN, J, concur.